UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CHRISTOPHER R. HENNING                                                                   PLAINTIFF

v.                                       CIVIL ACTION NO. 4:22-CV-P108-JHM

NICKI FENTRESS *et al.*                                                DEFENDANTS

**MEMORANDUM OPINION**

Plaintiff Christopher R. Henning filed this *pro se* prisoner 42 U.S.C. § 1983 action. This matter is before the Court upon initial review of the complaint under 28 U.S.C. § 1915A. For the reasons set forth herein, the Court will dismiss the action.

**I.**

Plaintiff is incarcerated as a convicted prisoner at Daviess County Detention Center (DCDC). As Defendants, he names Daviess County and Southern Health Partners, as well as Jenny Phillips, Nicki Fentress, and Cassie Thompson, who he indicates are nurses at DCDC employed by SHP, and Tamberly McCoy, who he identifies as a doctor at DCDC employed by SHP. Plaintiff sues Defendants Phillips, Fentress, Thompson, and McCoy in their official and individual capacities.

Plaintiff states as follows in the complaint:

On or around 5/02/2022 . . . I was checked for scabies along with other inmates in the same cell that had a rash consistent with a scabies infection. I was seen by Nurse [] Phillips and Nurse [] Thompson, they gave the ones that had scabies Permethrin Cream 5% [] and instructed us to thoroughly massage the Permethrin Cream into our skin from head to the soles of our feet and keep it on for 12 hours, after 12 hours would come back, have us take a shower, and then change our bed lines, and are jump suites and send out our laundry to be specialy cleaned. After 12 hours the guards came back we took a shower then was told to change our jump suites and then told was told to change our bed liniens, I asked about the laundry but the guard said he was only told to do our jump suits and bed linens only. Due to not following the Nurses orders or protocol, we had to repeat the same treatment all over again.

> Jeremy Cole went multiple times to see the Nurse about the rash that turn out to be scabies before he was isolated [] from the rest of the cell . . . . Jeremy Cole slept right above me so if they had isolated him from the beginning . . . I would not have it along with 12 other inmates. . . . Jeremy Cole [] put in multiple grievances concerning the bites on his body but was not treated for scabies until 5/02/2022 which is after the infection spread throughout the cell. . . . On 5/17/2022 Doctor McCoy finally decided to treat the entire cell instead of only treating the one that had scabies.
>
> Do to there medical neglence [] my 8th Amendment of my constitutional rights have been violated.

As relief, Plaintiff seeks damages.

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 544 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89

(2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

#### A. § 1983 Claims

Section 1983 creates no substantive rights but merely provides remedies for deprivations of rights established elsewhere. *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635, 640 (1980). "A plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

##### 1. Daviess County, SHP, Official-Capacity Claims

As to Defendant Daviess County, a municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Deaton v. Montgomery Cnty., Ohio*, 989 F.2d 885, 889 (6th Cir. 1993). To

3

demonstrate municipal liability, a plaintiff "must (1) identify the municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)). The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994) (quoting *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)). The same analysis that applies to a § 1983 claim against a municipality applies to a § 1983 claim against a private corporation, such as Defendant SHP, which has presumably contracted with Daviess County to provide medical services to inmates. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996); *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001).

"Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell*, 436 U.S. at 691 n.55). Thus, Plaintiff's official-capacity claims against Defendants Phillips, Fentress, Thompson, and McCoy are actually brought against their employer, SHP.

In the instant case, Plaintiff does not allege that he was denied medical treatment pursuant to a policy or custom of either Daviess County or SHP. Accordingly, Plaintiff's claims against Defendants Daviess County and SHP and his official-capacity claims against Defendants Phillips, Fentress, Thompson, and McCoy must be dismissed for failure to state a claim upon which relief may be granted.

### 2. Individual-Capacity Claims

The Court next turns to Plaintiff's individual-capacity claims. An Eighth Amendment claim for deliberate indifference to a serious medical need has both an objective and a subjective

component. *Richmond v. Huq*, 885 F.3d 928, 937 (6th Cir. 2018). To meet the objective component, the plaintiff must show that the medical need is "sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To meet the subjective component, the plaintiff must show that "an official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety." *Id*. at 837. The defendant must possess a "sufficiently culpable state of mind," rising above negligence or even gross negligence and being "tantamount to intent to punish." *Horn v. Madison Cnty. Fiscal Court*, 22 F.3d 653, 660 (6th Cir. 1994). Put another way, "[a] prison official acts with deliberate indifference if he knows of a substantial risk to an inmate's health, yet recklessly disregards the risk by failing to take reasonable measures to abate it." *Taylor v. Boot*, 58 F. App'x 125, 126 (6th Cir. 2003) (citing *Farmer v. Brennan*, 511 U.S. at 832). Mere negligence will not suffice. *Farmer v. Brennan*, 511 U.S. at 835-36. Moreover, where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments. *Westlake v. Lucas*, 537 F.2d 857, 860 n.5 (6th Cir. 1976).

For purposes of this initial review, the Court will assume that scabies constitutes a sufficiently serious medical need and satisfies the objective standard of an Eighth Amendment claim. However, based upon Plaintiff's allegations, the Court concludes that Defendants Phillips, Fentress, Thompson, and McCoy cannot be said to have acted with reckless disregard to Plaintiff's serious medical need. Plaintiff specifically alleges that Defendants Phillips and Thompson provided him with prescription cream for his scabies condition and directed that the clothes, linen, and laundry of the infected inmates' cell be specially cleaned. Moreover, Plaintiff's only allegation against Defendant McCoy is that she determined that the entire cell should be treated for scabies.

Finally, Plaintiff fails to state a claim against Defendant Fentress because he makes no allegations against her. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro s*e complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Thus, the Court concludes that Plaintiff's individual-capacity claims must also be dismissed for failure to state a claim upon which relief may be granted.

### B. State-Law Claims

To the extent that Plaintiff alleges a separate claim of medical negligence, having determined that the federal claims, which provide the jurisdictional basis of this suit, should be dismissed, this Court declines to exercise supplemental jurisdiction over any remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966). The state-law claims will be dismissed without prejudice.

## IV.

The Court will enter a separate Order dismissing this action for the reasons stated herein.

Date: December 21, 2022

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
     Daviess County Attorney
4414.011